Dean Ross, Esq.
265 Lafayette Street- Apt. D- 12 1/2
New York, New York, 10012


Re:  In re Lab Kay Chong, Case No.    10-13920 (REG), United States Trustee v. Lab Kay Chong f/d/b/a Kawaii Optical, Adv. Pro. No. 10-04242 (REG); 30 Carmine LLC v. Lab Kay Chong, f/d/b/a Kawaii Optical, Adv. Pro. No. 10-03877 (REG).

---

Dear Your Honor:


My name is Dean Ross, Esq. and I am an attorney admitted to practice law in the State of New York. I am fully familiar with the facts hereto and I interpose this reply in response to Lab Chong's unfounded motion that 30 Carmine LLC's attorney Michael Bloomfield, Esq. or anyone else on behalf of 30 Carmine breached the automatic stay in the above-related bankruptcy actions.


The law of the automatic stay only applies to "Generally the automatic stay continues to stay "an act against property of the estate..." 11 U.S.C. Section 362(c)(1). See US Bankruptcy Court, In Re Sophia Lynette Williams, Chapter 13, Case 08-36229 (cgm).


In or around January or February of 2013, one of 30 Carmine LLC's attorneys attorney Michael Bloomfield, Esq. served Lab Chong with a subpoena duces tecum in an action filed as 30 Carmine LLC v. MacGregors et al. Index No. 650892/2012 in New York Supreme Court, 60 Centre Street, NY, NY.


The basis for that action of 30 Carmine LLC v. MacGregors et al. Index No. 650892/2012 is based in tortious interference against Lab Chong's current landlord the MacGregors and the real estate broker of record Velvet Abashian and Avian Village Realty for tortious interference with contract.


Lab Chong was neither named as a defendant in that action by 30 Carmine LLC nor was he impleaded by any of the Defendants as a necessary party to that action in New York State Supreme Court. However, 30 Carmine LLC's attorney Michael Bloomfield, Esq. in that action in an effort to attain critical and relevant evidence to prove 30

Carmine LLC's prima facie tortious interference case against the Defendants served Lab Chong with a subpoena duces tecum to appear for a Deposition on or about February 25, 2013.

On that scheduled date for Lab Chong's noticed deposition, Mr. Chong did not appear. Michael Bloomfield, Esq. attempted to contact Lab Chong unsuccessfully to re-schedule his deposition several times and left messages on his answering machine to ask Lab Chong if he would set a new date to re-schedule his deposition. Mr. Chong did not ever return Mr. Bloomfield's, Esq. phone calls.

These very phone calls and messages that Mr. Chong now complain to this Court about were in relation to the New York Supreme Court action in 30 Carmine LLC v. MacGregors et al. Index No. 650892/2012 which Lab Chong is not a defendant, and has no relation to Mr. Chong's bankruptcy filing herein. Moreover, the New York Supreme Court action is in no way an attempt to enforce 30 Carmine LLC's judgment against Mr. Chong. Therefore, the automatic stay as a matter of law is inapplicable to staying 30 Carmine LLC's seeking to take a deposition of Lab Chong in that New York State action, and Michael Bloomfield's, Esq. follow up phone calls (which is typical to do by attorneys) were made as a simple attempt re-schedule Mr. Chong's deposition and clearly were not made to enforce 30 Carmine LLC's judgment that it has against Lab Chong.

Moreover, Mr. Chong is fully aware that the automatic stay is in not in place to prevent his testimony in non-related actions that ONLY seek his testimony against other persons or entities not related or against him and do not seek to enforce judgments against him.

Further Proof of this is that Mr. Chong even voluntarily interposed an Affidavit Dated February 22, 2013 on behalf of Defendants in 30 Carmine LLC v. MacGregors et al. Index No. 650892/2012 in sum and substance that he advised Defendants that he could 60- day cancel his lease with Plaintiff and amongst other facts dating back to 2009 in their Omnibus motion for amongst other things for partial summary judgment against Plaintiff filed on March 8, 2013.

Clearly Mr. Chong knows that Michael Bloomfield's, Esq. phone calls and messages to him were not made to enforce 30 Carmine LLC's judgment against him but was in relation to it's case 30 Carmine LLC v. MacGregors et al., Index No. 650892/2012 against his current landlord at 44 Carmine Street, New York, NY, 10014 and the real estate broker who rented him the space.

As for myself who is of counsel in this current above-referenced bankruptcy action, I have not made personal contact with Mr. Chong since 2010. However, on Sunday May 5, 2013 as I was walking along Carmine Street at around 3 pm after I had finished lunch on Varick and Carmine Streets, I had the unique opportunity to take three (3) very highly probative photos of Mr. Chong servicing a client in his store at 44 Carmine Street, New York, New York, 10014, for which as the Court is fully aware Mr. Chong has claimed he sold to a man named Faustino Vargas sometime in January, 2010. No contact personal contact was made with Mr. Chong as the photos were taken from the outside by me through the store windows. I am happy to produce them if the Court requests, as well appear at a hearing as well if the Court so requires.

30 Carmine LLC requests that this Court deny Lab Chong's motion and admonish him from making frivolous motions.

New York, New York.
Dated: May 17, 2013.

Affirmed By:

_/s/_____
/ Dean Ross/