

**U.S. Department of Justice**

Office of the United States Trustee
*Southern District of New York*

---

*33 Whitehall Street*                    *(212) 510-0500*
*21ˢᵗ Floor*                    *Fax: (212) 668-2255*
*New York, New York 10004*

May 20, 2013

**VIA HAND DELIVERY**
Honorable Robert E. Gerber
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

> Re:    **In re Lab Kay Chong**, Case No. 10-13920 (REG); **United States
> Trustee v. Lab Kay Chong, f/d/b/a Kawaii Optical**, Adv. Pro. No.
> **10-04242 (REG); 30 Carmine LLC v. Lab Kay Chong, f/d/b/a Kawaii**
> **Optical**, Adv. Pro. No. 10-03877 (REG)

Dear Judge Gerber:

At the March 6, 2013 hearing, the Court instructed the parties to the adversary proceedings to draft a pre-trial order in preparation for trial.    The two adversary proceedings were commenced by the United States Trustee and 30 Carmine LLC ("Carmine"), respectively, to deny the discharge of Lab Kay Chong (the "Debtor").    The Court scheduled a further conference to take place on May 23, 2013.

In accordance with the Court's instructions, this Office drafted a proposed joint pre-trial order (the "Proposed Joint Pre-Trial Order").    In a letter dated May 7, 2013 (the "May 7 Letter"), this Office provided the Proposed Pre-Trial Order to the defendant Lab Chong and the plaintiff Carmine.

In the May 7 Letter, this Office requested comments by no later than May 17, 2013.    We also informed the parties of our goal of filing a joint pre-trial order on Monday, May 20, in preparation for the hearing on May 23, 2013.

Carmine has consented to the form of the Proposed Joint Pre-Trial Order.    However, the Debtor has not provided comments or otherwise contacted this Office.    Although we believe that many of the facts are uncontested, without the Debtor's cooperation, we cannot submit a joint pre-trial order.

Lab Kay Chong
May 20, 2013
Page 2

This Office is prepared to go forward with trial and will seek a trial date at the May 23, 2013 hearing.   In this regard, we submit the May 7 Letter and the Proposed Pre-Trial Order for the Court's review as enclosures 1 and 2, respectively.[1]

We remain willing to work with the Debtor on pre-trial matters, but do not wish to further delay these proceedings.   We also hope to discuss with the Court any suggestions for streamlining the trial at the May 23, 2013 hearing.

Respectfully yours,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:      /s/ Greg M. Zipes
         Greg M. Zipes
         Michael T. Driscoll
         Trial Attorneys

Encl:   1 - May 7 Letter
        2 - Proposed Pre-Trial Order

cc:     Lab Kay Chong, Defendant (via U.S. mail and e-mail)
        Bruce Weiner, Esq., Co-Counsel to 30 Carmine LLC (via e-mail)
        Dean Ross, Esq., Co-Counsel to 30 Carmine LLC (via e-mail)

---

[1] Please note that we included a section entitled "Joint Statement of Facts" in the Proposed Pre-Trial Order.   Because the Debtor has not provided comments, these facts cannot be considered stipulated facts and therefore the United States Trustee would propose to move these facts to the section entitled "Plaintiffs' Contentions."

# ENCLOSURE 1

# ENCLOSURE 2



**U.S. Department of Justice**

Office of the United States Trustee
*Southern District of New York*

---

*33 Whitehall Street*                              *(212) 510-0500*
*21ˢᵗ Floor*                                  *Fax: (212) 668-2255*
*New York, New York 10004*

May 7, 2013

VIA REGULAR MAIL & E-MAIL
Lab Kay Chong
44 Carmine Street, Apt. 1
New York, NY 10014
labchong@gmail.com

     Re:    **In re Lab Kay Chong, Case No. 10-13920 (REG); United States
Trustee v. Lab Kay Chong, f/d/b/a Kawaii Optical, Adv. Pro. No.
10-04242 (REG); 30 Carmine LLC v. Lab Kay Chong, f/d/b/a Kawaii
Optical, Adv. Pro. No. 10-03877 (REG)**

Dear Mr. Chong:

At the March 6, 2013 hearing, the Court ordered the parties to the adversary proceedings to draft a pre-trial order in preparation for trial.   In accordance with the Court's order, enclosed with this letter is a copy of the draft Joint Pre-Trial Order.

Please read the <u>entire</u> draft Joint Pre-Trial Order very carefully and provide any comments that you may have.  In addition, please provide your submissions to the following sections: Defendant Contentions, Section III(B) at Paragraph 93; Defendant's Exhibits, Section V(B) at Paragraph 100; and Defendant's Witnesses, Section VI (B) at Paragraph 103.

As this is a draft document, we reserve our right to make changes to this document; however, we will inform you of these changes on an on-going basis.   If you would like copies of any of the exhibits listed on Pages 13 and 14 of the draft Joint Pre-Trial Order, please do not hesitate to ask.   If you obtain legal counsel to represent you in this matter, please have that attorney contact us immediately.

The next status conference in these adversary proceedings is Thursday, May 23, 2013 at 9:45 a.m.   We request that you provide comments and submission on the draft Joint Pre-Trial Order **by no later than Tuesday, May 17, 2013 at 4:00 p.m.**   In preparation for the May 23 hearing, we intend to file a version of the draft Joint Pre-Trial Order on Monday, May 20 with the Court.

Lab Kay Chong
May 7, 2013
Page 2


    If you have any questions, please do not hesitate to contact me at (212) 510-0538 or at michael.driscoll@usdoj.gov at your earliest convenience.


             Very Truly Yours,

             TRACY HOPE DAVIS
             UNITED STATES TRUSTEE

By:    */s/ Michael T. Driscoll*
        Michael T. Driscoll
        Trial Attorney


Encl:  Draft Joint Pre-Trial Order

cc:    Bruce Weiner, Esq., Co-Counsel to 30 Carmine LLC (via e-mail)
       Dean Ross, Esq., Co-Counsel to 30 Carmine LLC (via e-mail)

# Enclosure

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re                                                :
                                                     :
LAB KAY CHONG, f/d/b/a                               :        Case No. 10-13920 (REG)
KAWAII OPTICAL,                                      :
                                                     :        (Chapter 7)
                   Debtor.                           :
-----------------------------------------------------X
TRACY HOPE DAVIS, the UNITED                         :
STATES TRUSTEE,                                      :
                                                     :
                   Plaintiff,                        :
          -against-                                  :        Adv. Proc. No. 10-04242
                                                     :
LAB KAY CHONG, f/d/b/a                               :
KAWAII OPTICAL,                                      :
                                                     :
                   Defendant.                        :
-----------------------------------------------------X
30 CARMINE LLC,                                      :
                                                     :
                   Plaintiff,                        :
          -against-                                  :        Adv. Proc. No. 10-03877
                                                     :
LAB KAY CHONG, f/d/b/a                               :
KAWAII OPTICAL,                                      :
                                                     :
                   Defendant.                        :
-----------------------------------------------------X

## JOINT PRE-TRIAL ORDER

Pursuant to Rule 7016 of the Federal Rules of Bankruptcy Procedure, now therefore the

following statements, directions and agreements are adopted as the Pre-Trial Order herein:

### I. NATURE OF THE CASE

1.     The United States Trustee for Region 2 and 30 Carmine LLC (collectively, the

"Plaintiffs") seek a judgment in favor of denying the discharge of the Lab Kay Chong (the

"Defendant"), pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4) and (5).

1

## II. JURISDICTION

2.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a), (b)(1), and 1334(b), and the standing referral Order of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).  Consideration of the relief requested herein is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), and (O).  Venue of this case and these adversary proceedings in this district are proper under 28 U.S.C. §§ 1408 and 1409(a).  There is no dispute concerning jurisdiction or venue.

## III. STIPULATED FACTS

3.     The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

A.     **Joint Statement of Facts**

4.     On July 20, 2010 (the "Filing Date"), the Defendant commenced this case with the filing of a voluntary Petition, the Schedules, and a Statement of Financial Affairs (the "SOFA") under Chapter 7 of the Bankruptcy Code (the "Petition").  <u>See</u> Voluntary Petition, Schedules, SOFA, ECF Doc. No. 1.

5.     The Social Security Number listed on the petition was XXX-XX-4056.

6.     On October 10, 2010, the Defendant filed Amended Schedule B and C (the "Amended Schedules") and an amended Statement of Financial Affairs (the "Amended SOFA").  <u>See</u> ECF Doc. Nos. 14 (Amended Schedules) and No. 15 (Amended SOFA).

7.     The Defendant signed his Petition, Schedules, Amended Schedules, the SOFA and Amended SOFA under penalty of perjury.

8. Angela Tese-Milner, Esq. (the "Trustee") was appointed as interim trustee of the Defendant's bankruptcy estate, and then, in accord with 11 U.S.C. § 702(d), became the permanent trustee.

9. The first date set for the meeting of creditors, pursuant to 11 U.S.C. § 341(a), was August 17, 2010 (the "August 17 Meeting"). The 341 Meeting was continued to September 14, 2010 (the "September 14 Meeting") (together the "341 Meetings").

10. The Defendant was examined by the Trustee under penalty of perjury at the August 17 Meeting and the September 14 Meeting.

11. On October 13, 2010 and November 17, 2010, 30 Carmine LLC and the United States Trustee respectively filed complaints pursuant to Section 727 objecting to the Defendant's discharge. ECF Doc. Nos. 13 and 18.

12. The Defendant was examined under oath by a representative of the United States Trustee pursuant to a deposition on June 19, 2012.

13. According to his Schedule I, the Defendant earns a monthly gross income of $1,600.00. See Schedule I, ECF Doc. No. 1.

14. According to his Schedule I, the Defendant is married with no dependents. See Schedule I, ECF Doc. No. 1.

15. The Defendant is an individual residing at 44 Carmine Street, Apt. 1, New York, New York 10014.

16. The Defendant was born in New York and has resided in New York and Washington State.

17. The Defendant's spouse resides in the Dominican Republic.

18.     The Defendant is a New York state licensed ophthalmic dispensing optician, in the business of adapting and fitting eye lenses on written prescriptions from a licensed physician or optometrist.

19.     The Defendant has six years of college and post-college education.

20.     The Defendant was represented by counsel, James H. Shenwick, Esq., in preparing his Petition, his Schedules, Amended Schedules, the SOFA and Amended SOFA.

21.     The Defendant is no longer represented by Mr. Shenwick.  The Defendant is proceeding pro se in these adversary proceedings.

**B.     Plaintiffs' Contentions**

22.     The Defendant has derived income from three material sources over the last five years: (a) his job as owner of Kawaii Optical; (b) his job as a consultant at the Mount Vernon Eye Center; and (c) his sale of glass frames on the streets of New York City.

**(i)     Kawaii Optical**

23.     The Defendant is the owner of Kawaii Optical.  See Dep. Tr. 65: 20-22.

24.     The Defendant operated the business as a "d/b/a" (sole proprietorship).  See Petition, Page 1 (listing Kawaii Optical as another name for the Debtor); Dep. Tr. 35: 13-18.

25.     In the SOFA, the Defendant left blank Question 18 regarding "Nature, location and name of business," for which an individual debtor "was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time" within the last six years.  See SOFA, Question 18.

26.    In the Amended SOFA, the Defendant identified a business known as "Lab Kay Chong d/b/a Kawaii Optical" regarding the "Nature, location and name of business" with an address at 44 Carmine Street, New York, NY.  See Amended SOFA, Question 18.

27.    Kawaii Optical has been in business since November 2005.  Dep. Tr. 36: 4-6.

28.    In connection with Kawaii Optical, the Defendant maintained no ledgers or other books and records.  Dep. Tr. 25 (no ledger); Dep. Tr. 103: 8-11.

29.    Since 2005, the Defendant has asserted that he operated Kawaii Optical on a strictly cash basis.  Dep. Tr. 82: 22-83:6.

30.    The Defendant's procedure was to place all cash from Kawaii Optical in a box in his apartment located inside the premises.  Dep. Tr. 82:22-83:6.

31.    The Defendant paid his bills from the collection of cash in the box.  Dep. Tr. 82:22-83:6.

32.    The Defendant has not filed business or individual tax returns, including income from his sole proprietorship, Kawaii Optical, for the years 2005, 2006, 2007, 2008, 2009, 2010, 2011 and 2012.  Dep. Tr. 78: 8-25.

33.    The Defendant did not employ an accountant for Kawaii Optical.  Dep. Tr. 37: 9-11.

34.    The Defendant has operated this business at two locations on Carmine Street in New York since 2005.

35.    Prior to 2009, the Defendant conducted business at 30 Carmine Street.  Dep. Tr. 86 (moved to the 44 Carmine location in 2009).

36.    The Defendant's landlord at 30 Carmine Street was 30 Carmine LLC, a plaintiff herein.  30 Carmine LLC Adv. Proc. Complaint ¶ 7.

37.    In June 2009, the Defendant signed a lease at 44 Carmine Street in June 2009 (the "Lease") and has since conducted the business at that location. Id.

38.    In connection with the Lease, the Defendant paid the deposit of $14,600 to the landlord of 44 Carmine Street. Dep. Tr. 116: 23-117:7

39.    The Debtor admitted to the existence of a security deposit in relation to the 44 Carmine Street lease at the September 14 Meeting (see UST Complaint, Exhibit A, September 14 Tr. at 16:12).

40.    The Defendant amended his Schedule B on October 21, 2010 to list assets valued at $16,850.01, the amount of the security deposit. ECF Doc. No. 14.

41.    After the Defendant moved from the premises at 30 Carmine Street, 30 Carmine LLC commenced an action against the Defendant for breach of lease (the "State Court Action"). 30 Carmine LLC Adv. Proc. Complaint ¶ 8.

42.    On March 11, 2010, the Supreme Court of the State of New York, County of New York, issued a judgment in favor of 30 Carmine LLC and against the Defendant in the amount of $187,020.05. 30 Carmine LLC Adv. Proc. Complaint ¶ 8.

43.    After the state court issued the judgment against the Defendant, 30 Carmine LLC retained a City Marshal to sell the Defendant's inventory. Id. at ¶ 9.

44.    The City Marshal scheduled a sale of the Defendant's assets for July 2010. Id.

45.    The Defendant filed an order to show cause in New York State Court to stay the Marshal's sale. The state court refused to sign the order to show cause. Thereafter, the Defendant filed his petition in this Court. Id.

46.    44 Carmine Street is also the Defendant's residence. Dep. Tr. 2.

47.     The Defendant continues to live in an apartment in the back of the store under the same Lease as the store.  Dep. Tr. 22.

48.     The Defendant's monthly rent as lessee at 44 Carmine Street is $7,300.  Dep. Tr. 22.

49.     The Defendant has made all payments on the Lease to the landlord in cash.  Dep. Tr. 22.

50.     The Defendant stated that he pays a large portion of that rent with monetary gifts from friends.  Dep. Tr. 24.

51.     The Defendant does not keep a ledger of the monetary gifts from friends.  Dep. Tr. 25: 4-5.

52.     The Defendant continues to work at 44 Carmine Street as an optician.

53.     The Defendant claims that he claims that he turned his ownership interest over to "Faustino Vargas" in 2010, prior to the bankruptcy filing.  Dep. Tr. 136:6-20.

54.     The United States Trustee has requested documents showing the transfer of the Defendant's business to Faustino Vargas.

55.     The Defendant has produced no documents showing the transfer of his business to Faustino Vargas.

56.     The Defendant states that he met Mr. Vargas a conference and that Mr. Vargas is "just a businessman" with little or no training in the Defendant's industry.  Dep. Tr. 43.

57.     The Defendant does not have an address for Mr. Vargas and does not know if he lives in New York City.  Dep. Tr. 154: 11-12.

58.     At a deposition on June 19, 2012, the Defendant stated that the business at 44 Carmine was now known as Village Optical.  Aug 17 341 H'ing Tr. 28.

7

59.    At the deposition on June 19, 2012, the Defendant stated that the name on the awning outside of 44 Carmine was "KawaiiOptical.com LLC." Dep. Tr. 65.

60.    In addition to his claim that Mr. Vargas owned the business, the Defendant has also claimed that an "Anthony" now owns Village Optical. Aug. 17 341 H'ing Tr. 26-27.

61.    The Defendant stated that he identified himself as "Anthony" to customers, even though he was not Anthony, because "people come in for marketing, they come in and ask for marketing, who is the person in charge, things like that." Aug. 17 341 H'ing Tr. 26-27.

62.    At the deposition on June 19, 2012, the Defendant averred that he now works as an optician at Village Optical at 44 Carmine, the same location as Kawaii Optical until he sold the business to Mr. Vargas.

63.    The Defendant claims that he works for $25 per day, three days a week as an employee at Village Optical. Dep. Tr. 19: 9-25.

64.    The Defendant remains the only person authorized to dispense prescription eyeglasses at the location. Dep. Tr. 58:12-15.

65.    The Defendant decides his schedule at 44 Carmine, or sometimes "they decide." When asked who "they" was at his June 19, 2013 deposition, the Defendant was unable to identify the person(s) who decides. However, the Debtor testified that Mr. Vargas is not the person who decides. Dep. Tr. 148-149.

66.    On March 29, 2012, the Defendant provided copies to the United States Trustee of his customer receipts for Kawaii Optical for customers with the last names starting with A through F for the years 2005 to 2010. Dep. Tr. 83: 7-18; Dep. Tr. 82: 8-11.

67.    It is unknown whether the Defendant has turned over all receipts for customers with the last names starting with A through F.

8

68.     As of June 19, 2012, the Defendant kept these customer receipts in his apartment at 44 Carmine Street.  Dep. Tr. 87.

69.     These customer receipts are his only business records for Kawaii Optical turned over by the Defendant.

70.     One of the receipts is for February 2010, after the date of the alleged transfer to Mr. Vargas.  See Receipt from February 2010.

71.     The Defendant did not provide to the United States Trustee receipts of customers with the last names starting with G through Z, even though the Defendant testified that the records are in his apartment at 44 Carmine Street.

72.     The customer receipts show that the Defendant typically billed customers in amounts ranging from $50 to $700 for his services rendered.  See Chart compiling customer receipts.

73.     In spite of these receipts, the Defendant has stated to the United States Trustee under oath that the "average ticket price [is] about $100 a pair, $99 for complete maybe."  Dep. Tr. 60:23-61:2.

74.     The customer receipts for customers for last names A through F aggregate as follows:  $275 for 2005; $11,911 for 2006; $15,986 for 2007; $28,316 for 2008; $9,819.95 for 2009; $125 for 2010; and $3,670 for undisclosed years.  See Chart compiling customer receipts.

75.     This income was not disclosed in the Debtor's Schedules, Amended Schedules, SOFA or Amended SOFA.

76.     On September 4, 2012, the United States Trustee sent the Defendant a letter to his residence at 44 Carmine Street.  The letter requested, among other documents, the remaining customer receipts for customers with last names G through Z.  The letter requested production of

these documents by no later than September 18, 2012. At present, the Defendant has not responded to this request for information.

77.     In connection with the State Court Action, 30 Carmine LLC obtained documents regarding the Defendant from 44 Carmine LLC. Specifically, 30 Carmine LLC received:

   a.   A copy of a one-page application for a lease (the "44 Carmine Lease Application") signed by the Defendant.

   b.   One page from a First Data Merchant Statement.

   c.   A one-page unsigned 2008 Schedule C federal tax return.

   d.   A copy of the Defendant's Washington state driver's license.

78.     The 44 Carmine Lease Application is dated March 12, 2009.

79.     The applicant was the Defendant d/b/a Kawaii Optical.

80.     The Social Security Number on the 44 Carmine Lease Application, XXX-XX-4394, does not match the Social Security Number on the petition, XXX-XX-4056.

81.     The Lease Application indicated that the Defendant's annual income was $85,000.

82.     The document is signed with a signature that is identical to the signature on the Defendant's Washington state driver's license.

83.     The First Data Merchant Statement for Kawaii Optical is for the month ending December 31, 2008.

84.     The First Data Merchant Statement shows that Kawaii Optical received Mastercard and Visa card deposits aggregating $337,672 in 2008.

85.     The Defendant's unsigned federal income tax return for the year 2008 shows the Defendant operating under the business name of Kawaii Optical. Similar to 44 Carmine Lease

Application, the Social Security Number on this document, XXX-XX-4394, do not match the

Social Security Number on the petition, XXX-XX-4056.  The tax return states that the Defendant

earned $450,000 in gross receipts and sales in 2008.

    **(ii)**    **Mount Vernon Eye Center**

86.    According to the Defendant's Schedule I, the Defendant has been employed as an

Optician Consultant with Mount Vernon Eye Center for three years.

87.    According to the SOFA and Amended SOFA, the Defendant had income from

employment at Mount Vernon Eye Center of $7,900.00 in 2008, $8,700.00 in 2009 and

$6,000.00 year-to-date in 2010.

88.    The Defendant has no proof of payment of salary by the Mount Vernon Eye

Center because he was paid in cash.  Correspondence dated August 29, 2010 to the Trustee (the

"August 29 Letter").

89.    The Defendant does not work for the Mount Vernon Eye Center at this time.

Dep. Tr. 28.

    **(iii)**    **The Sale of Inventory**

90.    Starting in 2009 and continuing in to 2010, the Defendant sold glasses which

constituted the inventory of Kawaii on the streets of New York City.  Dep. Tr. 49; Dep. Tr. 49-

50. ("Just around the SoHo area, just on the streets." Dep. Tr. 50:21.

91.    The Defendant sold approximately 300 pairs of glasses.  Dep. Tr. 49.

92.    The Defendant has not provided the United States Trustee with any records of

sales to the Plaintiffs.

**B.**    **Defendant's Contentions**

93.    [To be provided by Mr. Chong]

## IV. ISSUES TO BE TRIED

### 11 U.S.C. § 727(a)(2) - Transfer and Concealment of Assets

94.    The Bankruptcy Code provides that the Court shall grant the debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor within one year before the date of the filing of the petition, or property of the estate, after the date of the filing of the petition.  11 U.S.C. § 727(a)(2).

### 11 U.S.C. § 727(a)(3) - Failure to Maintain Records

95.    The Bankruptcy Code provides that the Court shall grant the debtor a discharge unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case.  11 U.S.C. § 727(a)(3).

### 11 U.S.C. § 727(a)(4) - False Oath

96.    The Bankruptcy Code provides that the Court shall grant the debtor a discharge unless the Debtor has knowingly and fraudulently, in or in connection with the case made a false oath or account.  11 U.S.C. § 727(a)(4)(A).

### 11 U.S.C. § 727(a)(5) - Failure to Explain Loss of Assets

97.    The Bankruptcy Code provides that the Court shall grant the debtor a discharge unless the Debtor has failed to satisfactorily explain any loss of assets or deficiency of assets to meet the debtor's liabilities.  11 U.S.C. § 727(a)(5).

## V. EXHIBITS

98.    In accordance with this Court's rules, no exhibit not listed by the Plaintiffs or the Defendant may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown.  Each side shall list all exhibits it intends to offer on its case in chief.  The list shall include a description of each exhibit.  All exhibits shall be pre-marked with each exhibit bearing a unique number or letter (numbers for plaintiff and letters for defendant), with the prefix "PX" for Plaintiffs' exhibits and "DX" for Defendant's exhibits.  Two copies of each exhibit shall be delivered to chambers with the proposed pretrial conference order.

99.    Any objections not set forth herein will be considered waived absent good cause shown.

### A.    Plaintiffs' Exhibits

| Document | Plaintiffs Exhibits |
|---|---|
| Voluntary Petition | 1. |
| Schedules | 2. |
| Statement of Financial Affairs | 3. |
| Form 22 A, Means Test | 4. |
| July 22nd Letter – James H. Shenwick to Angela Tese-Milner | 5. |
| August 11th Letter – Angela Tese-Milner to James H. Shenwick | 6. |
| August 13th Letter with Attachments – James H. Shenwick to Angela Tese-Milner (lease, lease rider, notice of petition, petition, 3 day notice, certification, judgment, order, judicial subpoena to take deposition) | 7. |
| 341 Transcripts – August 17, 2010 | 8. |
| August 20th Letter – Angela Tese-Milner to James H. Shenwick re copy of cashier's check for attorney's fees | 9. |
| August 29th Letter with Bank Statements – Lab Chong to Angela Tese-Milner | 10. |
| August 30th Letter - Angela Tese-Milner to James H. Shenwick re copy of firm's account statement for month in which it deposited the Debtor's cashier's check. | 11. |
| September 3rd Letter and Shenwick Account Statement – James H. Shenwick to Angela Tese-Milner including redacted firm account statements. | 12. |
| Lab Chong Order to Show Cause to Vacate Default Judgment | 13. |

| Document | Plaintiffs Exhibits |
|---|---|
| Complaint against Lab Kay Chong *Debtor*. Nature(s) of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) Filed by Brian Shoichi Masumoto on behalf of Tracy Hope Davis. Exhibit A - 341 Transcripts Exhibit B - August 11 Letter Exhibit C - August 20 Letter Exhibit D - August 30 Letter Exhibit E - July 22 Letter Exhibit F - August 13 Letter with Attachments Exhibit G - August 29 Letter with Bank Statements Exhibit H - September 3 Letter and Shenwick Account Statement) | 14. |
| Complaint against Lab Kay Chong, d/b/a Kawaii Optical. Nature(s) of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) Filed by 30 Carmine LLC. Exhibit A (Statement of Financial Affairs) Exhibit B (Summons and Complaint) Exhibit C (Lab Chong Order to Show Cause to Vacate Default Judgment) | 15. |
| Ophthalmic Dispensing License and Registration for Lab Kay Chong | 16. |
| Ophthalmic Dispensing Laws, Rules & Regulations Article 144 | 17. |
| NYS Rules of the Board of Regents Part 29 | 18. |
| NYS Ophthalmic Dispensing Laws, Rules & Regulations part 52.28 | 19. |
| NYS Ophthalmic Dispensing Laws, Rules & Regulations part 67 | 20. |
| NYS Ophthalmic Dispensing FAQs | 21. |
| Customer Receipts for Last Names A through F | 22 |
| Compilation of Customer Receipts | 23 |
| June 19, 2012 Deposition Transcript | 24 |
| Letter from United States Trustee dated September 4, 2012 | 25 |
| Documents Turned Over from 44 Carmine | 26 |

**B.    Defendant's Exhibits**

100.           [To be provided by Mr. Chong]

## VI. WITNESS LISTS

101.    The witnesses listed may be called at trial.  No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.  Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript

it intends to offer.  Each party shall set forth any objections it has to deposition testimony

designated by the other and the basis therefor.

**A.**    **Plaintiffs' Witnesses**

102.    30 Carmine and United States Trustee intend to call Lab Kay Chong, the

Defendant, on adverse direct.

**B.**    **Defendant's Witnesses**

103.    [To be provided by Mr. Chong]

Dated: New York, New York
         May __, 2013

TRACY HOPE DAVIS            30 CARMINE LLC                LAB KAY CHONG
UNITED STATES TRUSTEE

By: _____         By: _____          By: _____
Michael T. Driscoll, Esq.    Bruce Weiner, Esq.            Lab Kay Chong, Pro Se
Trial Attorney               Rosenberg, Musso & Weiner, LLP  44 Carmine Street
33 Whitehall St.             26 Court Street, Suite 2211    Apt. 1
21st Floor                   Brooklyn, New York 11242       New York, NY 10014
New York, NY 10012           (718) 855-6840
(212) 510-0538


**IT IS SO ORDERED:**

Dated: New York, New York
         _____, 2013

                                    _____
                                    ROBERT E. GERBER
                                    UNITED STATES BANKRUPTCY JUDGE

15